**IN THE UNITED STATES
DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **JESSICA WEAST** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 4:15-CV-00336-AGF |
| v. | ) | |
| | ) | |
| **ROCKPORT FINANCIAL, LLC, d/b/a** | ) | |
| **REGIONAL CREDIT SERVICES, INC.** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, and for her First Amended Complaint states as follows:

## INTRODUCTION

1.     This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2.     Plaintiff demands a jury trial on all issues so triable.

## JURISDICTION

3.     This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

## PARTIES

4.     Plaintiff is a natural person currently residing in Saint Louis City.  Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5.      Defendant is a Missouri corporation with its principal office in Washington, Missouri.  The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6).*

## FACTS

7.      On or about January 16, 2015, Defendant sent a collection letter to Plaintiff in an attempt to collect a debt owed to Lake Ozark Fire Protection District. **Exhibit 1.**

8.      In that letter, Defendant states that, "A $3.00 convenience fee will be added to credit/debit card payments."

9.      The notification and collection of the $3.00 convenience fee is unlawful. *Shami v. National Enter. System.,* 2010 WL 3824151 (E.D.N.Y. September 23, 2010), *Quinteros v. MBI Associates, Inc.*, 2014 WL 793138 (E.D.N.Y. Feb. 28, 2014).

10.     In October 2014, The Consumer Financial Protection Bureau (CFPB) Tuesday released its Supervisory Highlights report for Fall 2014. Among the highlights were recent examinations of larger market participant debt collectors resulting in identification of "an unfair practice and several violations of the Fair Debt Collection Practices Act." **Exhibit 2.**

11.     In that report, the CFPB highlighted the unlawful imposition of convenience fees as an unfair practice and violation of the FDCPA.  **Exhibit 2 at pg. 7.**

2

12.     Upon information and belief, Defendant is not authorized either by law or by the agreement creating the debt to impose a convenience fee against Plaintiff.

13.     Defendant's convenience fee demand is in violation of 15 USC §§ 1692f(1) for engaging in deceptive practices, by making false representation that it was entitled to receive compensation for payment by credit or debit card, or by collecting an amount that was not authorized by contract or permitted by law.

14.     The letter also states Plaintiff should call to make immediate arrangements so that Defendant is, "not forced to pursue other means to collect this debt."

15.     Plaintiff took this as a threat of litigation or that Defendant would use other means to damage her credit reputation in an effort to collect the debt.

## COUNT I: VIOLATION OF THE FDCPA

16.     Plaintiff re-alleges and incorporated herein by reference each of the allegations contained and set forth in paragraphs 1 through 10 of this Complaint as if such were fully set forth herein.

17.     In its attempts to collect the alleged debt from Plaintiff, Defendant has violated § 1692e(2) and § 1692f(1) of the FDCPA by using false impressions to characterize the amount of the debt and by attempting to collect an amount not permitted by law.   Defendant has violated § 1692f *preface* by using unfair and unconscionable means in the attempt to collect a debt.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant in her favor and provide the following relief:

3

(a) Award Plaintiff statutory damages, costs and reasonable attorney's fees against Defendant pursuant to 15 U.S.C. § 1692(k) for Defendant's violations of the FDCPA;

(b) Award counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

(c) Grant such other and further relief as the Court deems just and proper.


**THE EASON LAW FIRM, LLC**


/s/ James W. Eason
_____
**JAMES W. EASON, #57112**
**124 Gay Avenue, Suite 200**
**St. Louis, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**
**Email: james.w.eason@gmail.com**

4