IN THE UNITED STATES
DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JESSICA WEAST** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 4:15-CV-00336-AGF |
| v. ) | |
| ) | |
| **ROCKPORT FINANCIAL, LLC, d/b/a** ) | |
| **REGIONAL CREDIT SERVICES, INC.** ) | |
| ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE
### TO DEFENDANT'S MOTION TO DISMISS

#### INTRODUCTION

Plaintiff filed this putative action against Defendant for violations of the Fair Debt Collections Practices Act ("FDCPA"). Plaintiff has alleged that Defendant did not have legal authority to impose convenience fees for payments made by debit or credit cards.

Defendants' Motion to Dismiss is primarily a premature motion for summary judgment. They fail to attack the sufficiency of the Complaint but instead attack factual allegations. The Court should deny the Motion to Dismiss in its entirety.

#### STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be denied unless, after "accept[ing] as true all of the factual allegations contained in the complaint," *Erickson v. Pardus,* 551 U.S. 89, 94 (2011), the plaintiff has failed to state a claim "that is plausible on its face." *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin. Corp.*, 690 F.3d 951,

1

955 (8th Cir. 2012). To meet this standard, the plaintiff need not plead specific facts; instead, the complaint "need only give the defendant fair notice of what the...claim is and the grounds upon which it rests." *L.L. Nelson Enterprises, Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 805 (8th Cir. 2012) (*citing* Erickson, 551 U.S. at 93). In other words, in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court does not ask whether the plaintiff will ultimately prevail on his claim, but rather whether his complaint is "sufficient to cross the federal court's threshold," which is merely a "plausible 'short and plain'" statement of his claim. *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (*citing Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

## ARGUMENT

### A. PLAINTIFF HAS PROPERLY PLEADED ALL THE ELEMENTS OF HER FDCPA CLAIM

Applying the above standard and taking Plaintiff's pleaded facts as true, Plaintiff has properly alleged that Defendant is unauthorized to request convenience fees for payment by debt or credit card. Plaintiff has properly alleged that these convenience fees are improper and illegal. The choice of payment is immaterial. Defendant has not shown they have legal standing to request payment of such fees. A trier of fact could find in favor of Plaintiff. The trier of fact could find in favor of the Defendant. A Motion to Dismiss is inappropriate when properly pleaded 1692f(1) and 1692e(2) claims have been made. Therefore, the Court should deny Defendant's Motion to Dismiss.

### B. THE CONSUMER FINANCIAL PROTECTION BUREAU HAS CLEARLY STATED THAT CONVIENCE FEES VIOLATE THE FDCPA

In October 2014, The Consumer Financial Protection Bureau ("CFPB") released its Supervisory Highlights report for Fall 2014. Among the highlights were recent examinations of larger market participant debt collectors resulting in identification of an unfair practice and several violations of the Fair Debt Collection Practices Act. As referenced to in Plaintiff's First Amended Complaint and attached to this Motion:

> "The FDCPA limits the situations where a debt collector may impose convenience fees. One limit is when state law is silent regarding the legality of imposing convenience fees and the contract creating the debt does not authorize the imposition of such fees. In one or more examinations of debt collectors, examiners observed that convenience fees, which ranged from $5 to $14, were imposed if a consumer made payment using either a credit or a debit card. Due to a systems failure, fees were imposed on consumers who lived in states where state law prohibited the collection of such convenience fees. One or more collectors also imposed convenience fees on consumers who lived in states where the law was silent regarding the collection of fees without reviewing the agreements creating the consumer debts to find out if those agreements expressly authorized the collection of such fees." **Exhibit 1,** *CFPB Supervisory Highlights***, pg 7, paragraph 2.2.1.**

Defendant stated in its Motion to Dismiss that Missouri does not prohibit convenience or processing fees, but has cited no state law to support this assertion. Since state law is silent, the contract creating the underlying debt controls whether or not these fees are authorized. Defendant, again, has not produced any contractual language to support its assertion. As such, Defendant's motion must be denied.

## CONCLUSION

The Plaintiff respectfully requests this Court to deny Defendant's Motion to Dismiss and for all other relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED:**

  **/s/ James W. Eason        .**

3

**JAMES W. EASON #57112MO**
**The Eason Law Firm, LLC**
**124 Gay Ave., Suite 200**
**Clayton, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:    (314) 667-3161**
**Email: james.w.eason@gmail.com**

### **CERTIFICATE OF SERVICE**

The undersigned attests that, on June 18, 2015, the foregoing document was served via operation of the Court's electronic filing system on the following counsel of record:

Dennis Barton dbarton@bartonlawllc.com

/s/   James W. Eason_____