UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA WEAST, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 4:15CV00336 AGF |
| | ) | |
| ROCKPORT FINANCIAL, LLC d/b/a/ | ) | |
| REGIONAL CREDIT SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action, brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), is before the Court on the motion of Defendant Rockport Financial, LLC, to dismiss Plaintiff Jessica Weast's first amended complaint, for failure to state a claim. For the reasons set forth below, Defendant's motion shall be denied in large part.

## BACKGROUND

This case arises out of Defendant's attempt to collect on a debt of $896, allegedly owed by Plaintiff to another. Plaintiff claims that a collection letter Defendant sent to her violated the FDCPA in several ways. The letter, attached to Plaintiff's amended complaint, informed Plaintiff of her outstanding balance, and notified her that she would be charged an additional $3.00 "convenience fee" if she made a payment using a credit or debit card. The letter also stated, in bold and capital letters, "ALL CHECKS MUST BE MADE PAYABLE TO REGIONAL CREDIT SERVICES." Another portion of the letter stated, "If you are still unable to take care of this obligation, please call the

office . . . so we are not forced to pursue other means to collect the debt." (Doc. No. 10-1 at 1.)

The one-count amended complaint claims that the convenience fee charge violates 15 U.S.C. § 1692f(1) (prohibiting the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"). She also claims that the letter violates §1692e(2) (prohibiting debt collectors from making any false or misleading representations regarding "(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt") "by using false impressions to characterize the amount of the debt." Lastly she claims that the letter's alleged threat of litigation or that Defendant would use other means to damage her credit reputation in an effort to collect the debt, constitutes an unfair and unconscionable means to collect the debt in question, in violation of § 1692f (prohibiting the use of any "unfair or unconscionable means to collect or attempt to collect a debt").

Besides the collection letter, Plaintiff also attached to her complaint a copy of the Consumer Financial Protection Bureau ("CFPB") Supervisory Highlights Report from October 2014, that states that § 1692f(1) of the FDCPA prohibits the imposition of fees incidental to the principal obligation where the contract creating the debt does not authorize the imposition of such fees and state law "is silent" on the issue.

Defendant argues that the complaint fails to state a claim, as a matter of law. According to Defendant "the mere reference to a convenience fee" in the letter does not

violate the FDCPA because (1) the fee is independent of the existing debt, as it relates to an additional service by a third-party, and (2) the letter made it clear that Plaintiff had another method of payment available, namely payment by check, that did not involve a convenience fee. Defendant contends that Missouri law does not prohibit the charging of convenience or processing fees, and that this silence should be considered as permission to charge such fees. Defendant argues that the CFPB report is not binding on the Court and should not be adopted. Finally, Defendant argues that Plaintiff's assertion that the letter used illegal threatening language is not supported as a matter of law.

In response, Plaintiff argues that offering a choice of payment methods is immaterial to the illegality of charging a convenience fee for payments by a credit or debit card, which is forbidden by the clear language of the statute and the CFPB Report, where, as here, state law is silent and the contract creating the debt does not authorize such a fee.

## **DISCUSSION**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Id*. The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id*.;

3

*Retro Television Network, Inc. v. Luken Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

The FDCPA is designed to protect consumers from abusive debt collection practices and protect ethical debt collectors from a competitive disadvantage. 15 U.S.C. § 1692(e). In order to establish a violation of the FDCPA, a plaintiff must demonstrate that: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *O'Connor v. Credit Protection Ass'n LP*, No. 4:11CV2187 SNLJ, 2013 WL 5340927, at *6 (E.D. Mo. Sept. 23, 2013).

The FDCPA is a broad remedial statute and its terms are to be applied "in a liberal manner." *Picht v. John R. Hawks, Ltd.*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), *aff'd* 236 F.3d 446 (8th Cir. 2001). "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (citation omitted). This standard "protects the uninformed or naïve consumer yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id*. at 317-18 (citing *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1054-1055 (8th Cir. 2002)).

**Claim under § 1692f(1)**

As noted above, Title 15 U.S.C. § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." The provision provides a non-exhaustive list of conduct that violates the FDCPA, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Here, Defendant does not suggest that the agreement creating the debt authorized the collection of a convenience fee when the debt was paid by credit or debit card. The parties have not cited, and the Court has not found, any Missouri law discussing whether the collection of convenience fees of the nature at issue in this case is permissible. Indeed, according to the Missouri Division of Finance, Missouri does not regulate collection agencies. *See* Mo. Div. of Fin., *Debt Collection*, (July 9, 2015, 2:37 PM), http://finance.mo.gov/consumers/debt_collection.php.

The Eighth Circuit has not addressed the issue of whether silence of the law constitutes permission in this context, but two other circuits have interpreted § 1692f(1) of the FDCPA to mean that, when state law does not affirmatively authorize or prohibit service charges, a service charge may only be imposed if the customer expressly agreed to it in the contract which gives rise to the debt. *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 407-08 (3d Cir. 2000); *Tuttle v. Equifax Check*, 190 F.3d 9, 13 (2d Cir. 1999). Such a reading comports not only with the CFPB Report relied on by Plaintiff, but also with the Staff Commentary on the FDCPA, which states that "a debt collector may not collect an additional amount if . . . the contract does not provide for collection of

5

the amount and state law is silent." Staff Commentary on the FDCPA, 53 Fed. Reg. 50,097, 50,108 (Fed. Trade Comm'n 1988).[1] Under the liberal interpretation to be accorded the FDCPA, the Court concludes that this is the proper reading of the statute.

The Court also rejects Defendant's argument that the $3.00 convenience fee is not prohibited by the FDCPA, as a matter of law, because it relates to an additional service by a third-party. Defendant's reliance on *Lee v. Main Accounts, Inc*., No 96-3922, 125 F.3d 855 (table), 1997 WL 618803 (6th Cir. Oct. 6, 1997), is misplaced. In that case the court determined on summary judgment that a five percent charge on payments made by credit card did not violate the FDCPA, because the defendant "would not have received any additional compensation from the credit card fee." Such evidence may be forthcoming at the summary judgment stage, but based on the record before it, the Court cannot say that Defendant would not receive any profit from charging $3.00 for each credit/debit card transaction.

The Court is not persuaded that the convenience fee is separate from the "principal obligation" and thus does not fall under § 1692f(1). Such a conclusion is contrary to a liberal construction of § 1692f(1) which prohibits the collection of "any amount" which is not provided for in the contract or authorized by state law, "including any interest, fee, charge, or expense incidental to the principal obligation." 15 U.S.C. § 1692f(1). *See Campbell v. MBI Assoc., Inc.*, No. 12-CV-989 (SLT)(CLP), 2015 WL 1543215, at *12

---

[1] The Court notes that, in the context of the FDCPA, staff commentary from the FTC is not entitled to judicial deference, and is entitled to respect only to the extent that it has the power to persuade. *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 493 n.1 (5th Cir. 2004).

(E.D.N.Y. Mar. 31, 2015); *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp. 2d 434, 438 (E.D.N.Y. 2014).

The Court must also reject Defendant's argument that the convenience fee charge in the collection letter here did not violate the FDCPA because it was clear from the letter that this fee would only be charged if Plaintiff chose to pay with a credit or debit card, and that another payment option was available. There is some authority supporting Defendant's position. *See, e.g., Lee*, 1997 WL 618803, at *1 ("[Defendant] did not force [Plaintiff] to pay any surcharge . . . . [T]his type of optional payment choice is, by definition, not an unconscionable or deceptive debt collection practice"). However, other courts have found that offering a payment option that does not violate the statute does not save offering a payment option that would violate the statute, as the later is still an attempt to collect a fee which is prohibited by the FDCPA. *See Shami v. Nat'l Enter. Sys.*, No. 09-CV-722 (RRM)(VVP), 2010 WL 3824151, at *3-4 (E.D.N.Y. Sept. 23, 2010) (holding that the defendant's charging of transaction fees for payments by phone or internet were still fees "incidental to Plaintiff's purported actual debt" prohibited by § 1692f(1), even though they were conditioned on the chosen method of payment; collecting cases). This approach appears to the Court to be correct. Thus, the Court will deny Defendant's motion to dismiss as to Plaintiff's claim under § 1962f(1).

**Claim under § 1692e(2)**

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. As noted above, § 1692e(2) prohibits "the false representation of (A) the

7

character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." *Id.* § 1692e(2).

Here, the Court finds that the language of the collection letter did not "use false impressions to characterize the amount" of Plaintiff's debt as claimed by Plaintiff. The statement about the collection fee was separate from the statement of Plaintiff's total balance due, which was stated twice in the letter. A reasonable unsophisticated consumer would understand that the convenience fee was not a part of her principal debt. Thus, Plaintiff fails to state a claim under § 1693e(2). *See Peters*, 277 F.3d at 1056 (finding that a statement in a collection letter would not mislead a reasonable unsophisticated consumer, and thus did not violate the FDCPA "as a matter of law"); *Brill v. Fin. Recovery Servs., Inc.*, No. 4:10-CV-3121, 2010 WL 5825480, at *6 (D. Neb. Nov. 10, 2010) (collecting cases and dismissing a claim under § 1693e(2)(A) for failure to state a claim after concluding that the collection letter did not misrepresent the amount of any debt owed).[2]

**Claim under § 1692f**

The Court agrees with Defendant that Plaintiff has failed to state a claim under

---

[2] The Court recognizes that, if it is determined that Defendant violated § 1692f(1), it may follow that Defendant also violated § 1692e(2)(B) by mischaracterizing compensation which it could lawfully receive under the FDCPA. *See Shami*, 2010 WL 3824151, at *4 (concluding that if a plaintiff states a claim under § 1692f(1), the plaintiff also states a claim under § 1692e(2)(B)). However, as Plaintiff's only allegations regarding § 1692e(2) are that Defendant used "false impressions to characterize the amount of debt," and contain no reference to § 1692e(2)(B), the Court need not decide this question here.

§ 1692f (prohibiting "unfair or unconscionable means to collect or attempt to collect any debt") based on what she alleges she perceived to be an illegal threat of litigation or a threat that Defendant would use other means to damage her credit reputation in an effort to collect the debt. While § 1692f allows a court to sanction improper conduct that the FDCPA fails to address specifically, *see, e.g., Sparks v. Phillips & Cohen Assocs., Ltd.*, 641 F. Supp. 2d 1234, 1250 (S.D. Ala. 2008), here the Court concludes as a matter of law that the challenged language did not constitute an unfair or unconscionable means of collecting a debt. *See, e.g.*, *Peters*, 277 F.3d at 1056 (holding that a collection letter which "convey[ed] the consequences" of inaction did not violate the FDCPA). The Court will therefore dismiss Plaintiff's claim under § 1692f.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Rockport Financial, LLC, to dismiss the amended complaint is **GRANTED** with respect to Plaintiff's claims under 15 U.S.C. §§ 1692(e)(2) and 1692f, and **DENIED** with respect to Plaintiff's claim under § 1692f(1).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRCIT JUDGE

Dated this 17th day of July, 2015.

9